IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDDIE MCCALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15cv487-CSC |
| ) | (WO) |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

The plaintiff applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, and disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ concluded that the plaintiff was not under a "disability" as defined in the Social Security Act, and denied his claim for benefits. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge. The case is now before the court

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance; it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (quotation marks omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## THE ISSUES

**A. Introduction.** The plaintiff Eddie McCall ("McCall") was 49 years old on the alleged date of onset, January 28, 2012, and has a high school education. (R. 18, 24, 27). Following the hearing, the ALJ concluded that the plaintiff has severe impairments of "squamous cell carcinoma of the floor of the mouth, status post adjuvant chemotherapy and radiation; diabetes mellitus, hypertension; and arthritis of the ankle." (R. 22). The ALJ concluded that McCall did not meet or equal any of the listed impairments, specifically finding that

3

> [t[he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Listings 1.02-Major dysfunction of a joint(s); 4.04-Ischemic heart disease; 12.04-Affective disorders; and 12.09-Substance addiction disorders were considered.
>
> Although the claimant has severe impairments within the meaning of the statute, they do not meet the criteria of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). No medical expert has opined the claimant's impairments, considered singly and in combination, are equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listings of Impairments.

(R. 23).

The ALJ concluded that the plaintiff could not perform his past relevant work as an industrial cleaner or stock supervisor, but, using the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P., App. 2, as a framework and relying on the testimony of a vocational expert, also concluded that there were significant number of jobs in the national economy that the plaintiff could perform, and thus, McCall was not disabled. (R. 27-28).

**B. Plaintiff's Claims.** The plaintiff presents two interrelated issues for the Court's review. As stated by the plaintiff, the issues are as follows:

> I. Whether the Commissioner committed reversible error in failing to consider whether the claimant's impairments meet or equal any of the carcinoma listings.
>
> II. Whether the Commissioner committed reversible error in failing to obtain an opinion from a qualified medical expert regarding whether the claimant's impairments are medically equal to a listed impairment.

(Doc. # 14 at 1).

According to McCall, the ALJ should have considered whether his squamous cell carcinoma on the anterior floor of his mouth meets or equals Listing 13.11 or 13.12, and her failure to secure medical expert testimony regarding whether his condition is medically equivalent to these listings requires remand.

The Commissioner concedes that the ALJ did not explicitly discuss any of the carcinoma listings, but argues that consideration of the listings can be implied from the ALJ's discussion of the medical record. The Commissioner further asserts that it was unnecessary for the ALJ to consult a medical expert because there are no "evidentiary gaps" in the medical record regarding McCall's cancer treatment. Finally, and perhaps most importantly, the Commissioner argues that the ALJ's failure to reference Listing 13.11 or 13.12 is harmless error because the medical evidence does not support a finding that McCall's squamous cell carcinoma meets or equals either listing.

## DISCUSSION

McCall asserts that the ALJ should have considered whether he was disabled under Listing 13.11 or 13.12 because he suffered from squamous cell carcinoma of the anterior floor of his mouth. *See* 20 C.F.R. pt. 404, Subpart P, App. 1, § 13.00 CANCER (MALIGNANT NEOPLAST DISEASES).

In this case, the ALJ acknowledged that McCall suffered from squamous cell carcinoma of the floor of the mouth (R. 20) and considered his medical treatment. (R. 25). After recounting his medical treatment, the ALJ noted that McCall continued to smoke after his cancer diagnosis. (R. 25-26). Although the ALJ considered McCall's cancer of the mouth, she

did not specifically consider whether McCall met any of the Cancer Listings referenced in Listing 13.00.  However, the court concludes that any error by the ALJ is harmless because McCall has failed to demonstrate that he meets or equals Listing 13.11 or 13.12.  *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying harmless error analysis in the Social Security case context); *Howard v. Soc. Sec. Admin., Comm'r*, 566 F. App'x 784, 787 (11th Cir. 2014) ("even if the AC improperly failed to consider some of [the plaintiff's] additional evidence, any error was harmless because we have independently reviewed all submitted evidence.").

It is undisputed that in October 2012, McCall was diagnosed with squamous cell carcinoma of the anterior floor of his mouth and he underwent surgery to remove a cancerous lesion on October 31, 2013.  (R. 352).  At that time, he was "otherwise asymptomatic," and he denied weight loss, shortness of breath, difficulty swallowing or talking.  (*Id*.)  He also continued to smoke.  (*Id*.)  On February 1, 2013, McCall's treating physician noted that McCall had completed the course of therapy, and there was no evidence of recurrence of the cancer. (R.403). On April 1, 2013, McCall underwent a PET/CT scan that "show[ed] a solitary area hypermetabolic activity involving anterior and ride (sic) side of mandible."  (R.402).  Thereafter, a biopsy of the area showed no "evidence of malignancy." (R.401).  McCall was doing "quite well with no evidence of local recurrence of tumor." (*Id*.)  His physician was "very pleased with [his] progress now 3 months post completion of chemo/radiation." (*Id*.).

On June 5, 2013, McCall was diagnosed with ulceration of the mouth floor, and he underwent an excision. (R. 439). The area was necrotic but not recurrent carcinoma. (*Id*.) On

August 29, 2013, McCall presented for a follow-up visit seven months post chemotherapy and radiation. (R. 453). At that time, he was "in good spirits and admits to stable appetite and energy level." (*Id*.) Although he had "residual ulceration right anterolateral floor of mouth previously noted on post treatment PET/CT with followup biopsy 4/8/13 showing no evidence of malignancy." (*Id*.) He was referred to "Jackson Wound Care Center for hyperbaric oxygen therapy to effect healing of oral cavity ulceration." (R. 454).

Based on his squamous cell carcinoma diagnosis, McCall argues that he meets or equals Listing 13.11 or 13.12, and the ALJ should have secured expert medical testimony to explore the applicability of the Listings. Listing 13.11 addresses skeletal system sarcoma and requires the cancer to be inoperable or unresectable, recurrent, or with distant metastases. *See* 20 C.F.R. Subpart P, App. 1, Listing 13.11. Listing 13.12 relates to cancer of the maxilla, orbit, or temporal fossa. *See* 20 C.F.R. Subpart P, App. 1, Listing 13.12. Both Listings require metastases, and it is undisputed that McCall had at least one lymph node that was positive for metastatic squamous cell carcinoma. (R. 354).

However, in order to meet the Listing, it is not enough to simply have a cancer diagnosis. Listing 13.00 addresses disability based on malignant cancers. *See* 20 C.F.R. Subpart P, App. 1, Listing 13.00 CANCER (MALIGNANT NEOPLASTIC DISEASES). In considering whether a cancer is disabling, the regulations require the Commissioner to consider the origin of the cancer, extent of involvement, duration, frequency, and response to treatment, and effects of treatment. *Id* at 13.00B. The introductory paragraphs are clear that "[t]hese listings are only examples of cancer that *we consider severe enough to prevent you from doing any gainful*

7

*activity*." *See* 20 C.F.R. Subpart P, Appendix 1, Listing 13.00F1 (emphasis added). "In many cases, cancers meet listing criteria *only if the therapy is not effective, and the cancer persists, progresses, or recurs*." *Id* at Listing 13.00G1 (emphasis added). Thus, the plaintiff must establish that his cancer prevents him from "doing any gainful activity," that his treatment was unsuccessful, or that the cancer has recurred. This he has failed to do.

The medical record in this case does not provide the support necessary to establish that McCall's squamous cell carcinoma meets the Listings and is disabling. During the administrative hearing, McCall testified that he was prevented from working by pain in his lower back, not from his cancer. (R. 43). When asked about the present effects of the cancer, McCall testified that his mouth is dry and he can't taste food. (R. 53). It is undisputed that McCall's cancer responded to treatment, and has not recurred.

The plaintiff bears the burden of proving that he is disabled, and is required to produce evidence to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). In the third step of the sequential evaluation process, the plaintiff must provide specific evidence that his impairment meets or medically equals a listed impairment. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id*. "Even though Social Security courts are inquisitorial, not adversarial, in nature, claimants must establish that they are eligible for benefits." *Ingram v. Comm'r of Soc. Sec.,* 496 F.3d 1253, 1269 (11th Cir. 2007) (citing *Doughty v. Apfel,* 245 F.3d 1274, 1281 (11th Cir. 2001)). *See also Holladay v. Bowen,* 848

8

F.2d 1206, 1209 (11th Cir. 1988).

Finally, the plaintiff has failed to point to any specific evidence which supports his equivalency claim. Consequently, based on its review of the record, the court finds that the ALJ's failure to consider whether McCall met Listing 13.11 or 13.12 or secure additional expert medical testimony constitutes harmless error because the medical record does not demonstrate that McCall satisfies the requirements of any of the cancer Listings.

## CONCLUSION

The court has carefully and independently reviewed the record and concludes that the decision of the Commissioner is due to be affirmed. Thus, this case will be dismissed with prejudice.

A separate order will issue.

Done this 22nd day of December, 2016.

                                            /s/Charles S. Coody  
                                        CHARLES S. COODY  
                                        UNITED STATES MAGISTRATE JUDGE